## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILMA BRADLEY,<br>6946 Cottonwood Tr.<br>Riverdale, GA 30296<br><br>    *Plaintiff*,<br><br>    v.<br><br>MIGUEL CARDONA,<br>Secretary of Education<br><br>    *Defendant*.<br><br>Serve:<br>Office of the General Counsel<br>U.S. Department of Education<br>400 Maryland Ave., SW<br>Washington, DC 20202<br><br>United States Attorney<br>Civil Service Clerk<br>601 D Street, NW<br>Washington, DC 20530<br><br>United States Attorney General<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530 | Case No.:<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Comes now Plaintiff, Wilma Bradley (hereinafter "Ms. Bradley" or "Plaintiff"), by and through undersigned counsel, and states as follows:

## INTRODUCTION

Plaintiff is an African American woman who was employed by the Department of Education from 1997, until her termination in 2019. She filed timely EEO and MSPB complaints,

challenging her termination, and the ongoing pattern and practice of systematic disparate treatment with respect to job opportunities and promotion, and the unfair and overly-harsh disciplinary action taken against her.  She now timely files the instant Complaint, alleging violations of the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1967, based on race, gender and retaliation.  For the reasons stated herein, she is entitled to relief on her claims, and seeks damages of not less than $1,700,000.00.

## **PARTIES**

1.      Plaintiff, Wilma Bradley is an African American female, and resident of Georgia, who works in the Atlanta Office of the DOE. She served as a loan analyst in the Federal Student Aid Borrower Services Department (hereinafter "FSA") She has been employed with the DOE since 1997.

2.      Defendant is a federal agency, headquartered in the District of Columbia, that administers federal funds and regulates educational institutions.  The Secretary of the Department of Education is Miguel Cardona.  The head of the Federal Student Aid program is Richard Codray , who works out of the District of Columbia DOE Headquarters (hereinafter "Headquarters").

## **JURSIDCITION AND VENUE**

3.      This Court enjoys jurisdiction over this matter because it brings claims pursuant to the laws of the United States.  Venue is appropriate in this jurisdiction because all final decision-makers who are relevant to this matter work out of the DOE Headquarters located in the District of Columbia.

## **RELEVANT FACTS**

4.      Plaintiff was gainfully employed in the Atlanta DOE Office from 1997 until 2019.  She was hired as GS-7, step 4, and was eventually promoted to GS-11, step 10.

5.      Plaintiff filed her first internal EEO complaint in 2004, alleging that she was being mistreated and subjected to an unfair and biased performance evaluation rating due to her race and gender.  Specifically, Plaintiff alleged that her white and male colleagues were able to cherry-pick assignments that were less complicated, and time consuming in order to pad and bolster their productivity numbers, which placed her at a disadvantage.  She further alleged the person evaluating her refused to accept or acknowledge special projects and additional work that she did, over and above what was assigned to her.

6.      As a result of her first EEO complaint, Plaintiff was retaliated against by her managers and given even lower performance ratings.

7.      As her workplace environment deteriorated, Plaintiff had to file several subsequent internal EEO complaints, alleging disparate treatment in assignments and performance evaluation and disparate treatment in being denied promotional opportunities.

8.      In 2006, Plaintiff began to serve as the union steward American Federation of Government Employees (hereinafter "AFGE" or "the Union"), and raised several issues with management regarding disparate and unfair treatment of employees in the workplace.  As Plaintiff's activism increased, so too did the retaliation she endured.

9.      Plaintiff ceased her role as Union Steward in 2011, and because the Union President in 2013.  Again, as her activism increased, so too did the retaliation and disparate treatment she was subjected to.

10.     From 2004 to 2013, Plaintiff filed more than ten formal EEO complaints alleging that she was being unfairly evaluated in her performance, and was being denied promotional opportunities. Every EEO complaint that she filed was not properly investigated or taken seriously.

11.     In 2015, Defendant's treatment of Plaintiff changed in nature, escalating from unfair evaluations to actual disciplinary action against her, which was unwarranted and unfair.  In 2015, while Plaintiff was going through mediation for one of her EEO complaints, Plaintiff was placed on a Performance Improvement Plan (PIP), that was out of compliance with applicable PIP regulations.

12.     Plaintiff's escalation of her concerns about the PIP, and the way that she was being systematically undervalued lead to greater retaliation against her, and eventually caused her to be disciplined.

13.     Plaintiff was first suspended in 2018 for non-compliance with directives.  She states herein that the basis for her suspension was fabricated, and the suspension was unjustified.  Plaintiff grieved the disciplinary action, and filed an EEO complaint, which forms the basis of this complaint.

14.     As part of the retaliation that Plaintiff was subjected to, she was required to get a doctor's for every absence or tardy from work, which was time consuming and costly, and was charged with an AWOL if she was unable to timely submit such a note.  This was a requirement that was placed on her, but not her colleagues, and was a blatant form of disparate treatment and retaliation.

15.     In 2018, Plaintiff was suspended for an AWOL related to her need for medical recovery, and Defendant's rejection of her doctor's note because it was allegedly untimely.

16.     In 2019, Plaintiff was suspended again for not complying to new computer process procedures that were confusing.  Several of Plaintiff's colleagues had similar issue with the

computer processes, but were not disciplined as she was.

17.     To compound matters, Plaintiff was both disciplined and given negative performance reviews because of the challenges she was having with the new computer processes, and other computer issues.  When she raised to management that her computer was not functioning as it should, management refused to give her proper IT support and training to aleviate the problem

18.     Instead, management opted to leverage Plaintiff's computer issues to create a pretext to terminate her employment.

19.     Plaintiff asserts that her white colleagues were treated better than she was.  She alleges that Robin Andrews (white female), was similarly situated, but treated more favorably than Plaintiff was.

20.     Plaintiff further asserts that she was terminated because Defendant wanted to replace her with younger workers, and that her job was filled by two men who were substantially younger than her.

## CLAIMS

### COUNT I

*(Violation of 42 U.S.C. 2000(e) et seq. –*
*Race Discrimination Based on Disparate Treatment)*

21.     Plaintiff references and incorporates the allegations and assertions in the previous paragraphs as if fully restated herein.

22.     Plaintiff is a member of a protected class, African American.

23.     She alleges that she was subjected to different and more stringent performance standards than her colleagues.

24.     She further alleges that she was not given credit for the work she accomplished because

of her race, African American.

25.    She alleges that her supervisor harbored racial animus against her, and subjected her to disparate treatment than her colleagues because of her race.

26.    Plaintiff asserts that she was unfairly targeted for disciplinary action because of her race, and that the disciplinary action she was subjected to was motivated by racial animus.

27.    Plaintiff further asserts that her suspensions and termination constituted adverse employment actions based on her race.

28.    As a direct and proximate cause of her termination and suspensions, Plaintiff has suffered financial losses, damage to her reputation, extreme emotional and mental pain, and other mental and physical damages.

29.    She seeks compensatory damages in the amount of $300,000.00

COUNT II

(*Violation of 42 U.S.C. 2000(e) et seq. –*
*Gender Discrimination Based on Disparate Treatment*)

30.    Plaintiff references and incorporates the allegations and assertions in the previous paragraphs as if fully restated herein.

31.    Plaintiff is a member of a protected class, female.

32.    She alleges that she was subjected to different and more stringent performance standards than her colleagues.

33.    She further alleges that she was not given credit for the work she accomplished because of her gender, female.

34.    She alleges that her supervisor harbored racial animus against her, and subjected her to disparate treatment than her colleagues because of her gender.

6

35.     Plaintiff asserts that she was unfairly targeted for disciplinary action because of her gender, and that the disciplinary action she was subjected to was motivated by sexism in her workplace.

36.     Plaintiff further asserts that her suspensions and termination constituted adverse employment actions based on her gender.

37.     As a direct and proximate cause of her termination and suspensions, Plaintiff has suffered financial losses, damage to her reputation, extreme emotional and mental pain, and other mental and physical damages.

38.     She seeks compensatory damages in the amount of $300,000.00.


COUNT III

(*Violation of 42 U.S.C. 2000(e) et seq. –
Retaliation*)

39.     Plaintiff references and incorporates the allegations and assertions in the previous paragraphs as if fully restated herein.

40.     Plaintiff is a member of a protected class, African American female.

41.     She alleges that on multiple occasions, she engaged in protected activity by filing internal EEO complaints, alleging disparate treatment and discrimination in violation of Title VII.

42.     She further alleges that in temporal proximity to her EEO activity, she was retaliated against by being subjected to unfair treatment, made to adhere to disparate standards, being suspended and eventually terminated.

43.     She further alleges that Defendant engaged in a systematic and ongoing scheme to retaliate against her for protected activity that culminated in her termination.

44.     Plaintiff alleges that the disciplinary action she was subjected to was not based on a

legitimate business purpose, and that any justification of it by Defendant is pretextual.

45.     As a direct and proximate cause of her termination and suspensions, Plaintiff has suffered financial losses, damage to her reputation, extreme emotional and mental pain, and other mental and physical damages.

46.     She seeks compensatory damages in the amount of $300,000.00.

COUNT IV

(*Violation of Age Discrimination in Employment Act,
29 U.S.C. §§ 621, et seq. – Disparate Treatment Based On Age*)

47.     Plaintiff references and incorporates the allegations and assertions in the previous paragraphs as if fully restated herein.

48.     Plaintiff is a member of a protected class, persons over 50.

49.     She alleges that she was subjected to different and more stringent performance standards than her younger colleagues.

50.     She further alleges that she was not given credit for the work she accomplished because of her age.

51.     She alleges that her supervisor harbored animus against her, and subjected her to disparate treatment than her younger colleagues because of her age.

52.     Plaintiff asserts that she was unfairly targeted for disciplinary action because of her age and that the disciplinary action she was subjected to was motivated by a desire to replace Plaintiff with younger workers.

53.     Plaintiff further asserts that her suspensions and termination constituted adverse employment actions based on her age.

54.     As a direct and proximate cause of her termination and suspensions, Plaintiff has suffered

financial losses, damage to her reputation, extreme emotional and mental pain, and other mental and physical damages.

55.     She seeks compensatory damages in the amount of $500,000.00.


## COUNT V

### (*Violation of Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. – Retaliation*)

56.     Plaintiff references and incorporates the allegations and assertions in the previous paragraphs as if fully restated herein.

57.     Plaintiff is a member of a protected class, persons over 50.

58.     She alleges that on multiple occasions, she engaged in protected activity by filing internal EEO complaints, alleging disparate treatment and discrimination in violation of the ADEA.

59.     She further alleges that in temporal proximity to her EEO activity, she was retaliated against by being subjected to unfair treatment, made to adhere to disparate standards, being suspended and eventually terminated.

60.     She further alleges that Defendant engaged in a systematic and ongoing scheme to retaliate against her for protected activity that culminated in her termination.

61.     Plaintiff alleges that the disciplinary action she was subjected to was not based on a legitimate business purpose, and that any justification of it by Defendant is pretextual.

62.     As a direct and proximate cause of her termination and suspensions, Plaintiff has suffered financial losses, damage to her reputation, extreme emotional and mental pain, and other mental and physical damages.

63.     She seeks compensatory damages in the amount of $300,000.00.

## **JURY DEMAND**

64.     Plaintiff demands trial by jury on all claims so triable.


                                    Respectfully submitted,

                                    /s/ Pamela M. Keith
                                    Pamela M. Keith [Bar. No. 448421]
                                    CENTER FOR EMPLOYMENT JUSTICE
                                    650 Massachusetts Ave. NW
                                    Suite 600
                                    Washington, DC 20001
                                    Tel: (202) 800-0292
                                    Fax: (202) 807-5725
                                    pamkeith@centerforemploymentjustice.com
                                    *Counsel for Plaintiff*